■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent. v. PAUL RUTIGLIANO, Appellant.— Appeal by defendant from an order of the County Court, Nassau County, entered June 25, 1965, which denied his application in the nature of a writ of error *coram nobis* (a) to vacate a judgment of said court, entered April 30, 1965 on his plea of guilty, convicting him of attempted burglary in the third degree and of petit larceny, and imposing sentence; and (b) for leave to withdraw his plea of guilty and to enter a plea of not guilty. Order affirmed. Defendant was indicted for burglary in the third degree, petit larceny, and possession of burglar's tools. He offered to plead guilty to attempted burglary in the third degree and petit larceny. Prior to accepting the plea, the court elicited on inquiry the fact that he did break and enter the premises in question and that on the same date he took therefrom certain property having a value of less than $100. In our opinion, the court adequately complied with the principle that, where one pleads guilty to a lesser crime not charged in the indictment, the inquiry conducted must elicit facts sufficient to establish the elements of the crime to which the plea is actually made (*People* v. *Serrano,* 15 N Y 2d 304). Although defendant's acknowledgment of the factual taking of the property supported the plea to petit larceny, the court also reasonably and properly inferred therefrom the existence of the element

of intent required to validate the plea to attempted burglary in the third degree. The record fails to sustain defendant's claim that, in sentencing the defendant, the court was prejudiced by any of the alleged erroneous statements made by the Assistant District Attorney at the initial arraignment approximately four months prior thereto. Beldock, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.